IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JAMES LLOYD,                                          3:11-CV-00951 RE

          Plaintiff,                        **OPINION AND ORDER**

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.


**REDDEN**, Judge:

Plaintiff James Lloyd ("Lloyd") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1980, Lloyd received a modified high school diploma, and alleges disability since January 2008, due to back disorder, ventral hernia, gastroesophageal reflux disease ("GERD"), depression, panic disorder, personality disorder, history of substance abuse disorder, and borderline intellectual functioning. His application was denied initially and upon reconsideration. After an April 2009 hearing, an Administrative Law Judge ("ALJ") found him not disabled. Lloyd's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Lloyd had the medically determinable severe impairments of back disorder, ventral hernia, gastroesophageal reflux disease ("GERD"), depression, panic disorder, personality disorder, history of substance abuse disorder, and borderline intellectual functioning. Tr. 20.

The ALJ determined that Lloyd's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, Subpart P, App. 1. Tr. 22-24.

The ALJ determined that Lloyd retained the residual functional capacity to perform a limited range of unskilled light work. Tr. 24.

The ALJ found that Lloyd was unable to perform any past relevant work, but retained the ability to perform other work, including bindery machine operator, and laminating machine operator. Tr. 30-31.

The medical records accurately set out Lloyd's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are

familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Lloyd contends that the ALJ erred by: (1) failing to find that his impairments met or equaled in severity a Listed impairment; (2) improperly rejecting medical opinions; (3) improperly rejecting lay witness testimony; and (4) failing to provide a complete hypothetical to the vocational expert. Because the first issue is dispositive the court need not address the others.

### I. The Listings

The ALJ must determine whether a claimant's impairment meets or equals an impairment listed in "The Listing of Impairments" ("The Listings"). *See* 20 C.F.R. Part 404, Subpt. P, App. 1. The Listings describe specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *See* 20 C.F.R. §§ 404.1525(a), 416.925(a). Most of these impairments are "permanent or expected to result in death." *Id.* "For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months." *Id.* If a claimant's impairment meets or equals a listed impairment, he or she will be found disabled at step three without further inquiry.

The Listings describe the "symptoms, signs, and laboratory findings" that make up the characteristics of each listed impairment. *See* 20 C.F.R. §§ 404.1525(c), 416.925(c). To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. *See* 20 C.F.R. §§ 404.1525, 416.925. To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's

3 - OPINION AND ORDER

impairment is not listed, then to the listed impairment "most like" the claimant's impairment. *See* 20 C.F.R. §§ 404.1525(a), 416.926(a).

Lloyd contends that the ALJ erred in finding his impairments did not meet or equal in severity Listing 12.05C, which provides:

> Mental Retardation refers to significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C. or D are satisfied.
>
> . . .
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

The ALJ noted that Lloyd obtained a full scale IQ score of 70 on the Wechsler Individual Achievement Test performed in March 2005. Tr. 23, 268. The ALJ stated:

> However, the Administrative Law Judge finds that the claimant's functioning is somewhat higher than the results of the WIAS-III, as the record and the claimant's activities of daily living do not support significant deficits in adaptive functioning. A diagnosis for mild mental retardation has never been confirmed by his treating or examining physicians. The claimant is able to take care of his personal needs independently, drive a vehicle, shop for groceries, and use public transportation [citation omitted]. He previously acknowledged that he is able to count change [citation omitted] and pay bills without assistance [citation omitted]. The claimant was able to complete disability forms and provide information about his activities of daily living and work history [citation omitted]. Moreover, the State agency medical consultant determined that the claimant does not have an impairment that meets or medically equals one of the listed impairments of Appendix 1 [citation omitted].

Tr. 23.

It is not relevant that there is no formal diagnosis of mental retardation. *See, Pedro v. Astrue,* No. 10-6047 MA, 2011 WL 1100214, at *3 (D. Or. Mar. 23, 2011).

The ALJ's determination that the record does not support significant deficits in adaptive functioning is not supported by substantial evidence. Adaptive functioning is how effectively an individual copes with common life demands and how well he meets standards of personal independence. American Psychiatric Ass'n, *Diagnostic and Statistical manual of Mental Disorders,* p. 41-42 (4th ed. Rev. 2000 (*DSM-IV-TR).*

Lloyd qualified for special education services in kindergarten for perceived deficits in speech and language skills and cognitive abilities. Tr. 366. In March 1989 he continued to qualify for special education services for speech and language issues as well as serious emotional disturbance. *Id.* Lloyd was diagnosed with depression at the age of 12. Tr. 417. He was expelled from the eighth grade for fighting and extreme mood swings. In an August 1996 psychological evaluation he was diagnosed with major depression, rule out bipolar disorder, attention deficit hyperactivity disorder, conduct disorder, history of post traumatic stress disorder, rule out inhalant dependence, and rule out substance abuse. His GAF was assessed at 35.

Lloyd's school records show low grades, serious emotional disturbance, and consistent reading, math, and writing skills well below his grade level. Tr. 208-18, 221-25, 366-68. Kathleen Myers, M.D. examined Lloyd when he was 16, and observed that

> [h]e presents as though he has mental retardation or borderline intellect. This is consistent with his history of learning disability, although his language skills and presentation style are significantly lower than that that [sic] would be expected of only a learning disabled child. He seems much more impaired than this.

5 - OPINION AND ORDER

Tr. 372.

The ALJ notes that Lloyd can drive, take public transportation, and shop for groceries. The ALJ gave no weight to the evidence that Lloyd cleans his apartment monthly and requires help to do it, does no meal preparation, and does not drive. Tr. 158. Lloyd requires help to do the dishes and take out the trash. Tr. 163. He cannot use a checkbook or handle a savings account. Tr. 164.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in

determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871 (9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's determination that Lloyd's condition to not meet or equal Listing 12.05C is erroneous for the reasons set out above. The record establishes that Lloyd is entitled to benefits. Because no outstanding issues remain, this matter is remanded for the calculation and payment of benefits.

## CONCLUSION

For these reasons, the ALJ's decision that Lloyd is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for the calculation and award of benefits.

IT IS SO ORDERED.

Dated this 5th day of October, 2012.

JAMES A. REDDEN
United States District Judge

7 - OPINION AND ORDER